1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELL'ORO GROUP, INC.,

Plaintiff,

v.

ALAN WECKEL, et al.,

Defendants.

Case No. 3:17-cv-00750-JD

**ORDER RE ARBITRATION**

Re: Dkt. No. 31

Plaintiff Dell'Oro Group, Inc. sued its former employee, Alan Weckel, for purloining the company's proprietary and confidential business information. Dkt. No. 13. Dell'Oro also sued the 650 Group, LLC, a business Weckel created after he left Dell'Oro. The amended complaint alleges a breach of contract claim against Weckel based on an "Agreement of Nondisclosure of Trade Secrets and Confidential Information, and Assignment of Patent, Copyright, and Other Rights" ("the Agreement"), and several federal and California state law claims arising out of the same alleged data misappropriation underlying the contract claim. The 650 Group is named only in two trade secrets counts.

Weckel and the 650 Group have moved to send the dispute to arbitration under an "Arbitration Agreement" that Weckel and Dell'Oro signed at the start of his employment in 2006. Dkt. No. 31-2. Under the broad language of this agreement, the parties committed to arbitrating "all matters directly or indirectly related to" Weckel's employment, including a breach of contract claim based on the Agreement. Although the 650 Group is not a signatory to the arbitration agreement, defendants say the claims against it are inextricably intertwined with the claims against Weckel under the Agreement, and so 650 Group is entitled to assert the arbitration commitment. Dkt. No. 31 at 7-8.

Dell'Oro does not attack the arbitration agreement as unconscionable or unenforceable in any respect. Dkt. No. 42. It would be hard pressed to levy such charges given that the agreement is its own work. Dell'Oro's main objections are that the 650 Group has "no standing" to invoke arbitration and that defendants waived any right to arbitration by "engaging in litigation conduct." *Id*. at 4-9.

Neither objection carries any weight. The waiver contention is particularly thin. Overall, little of substance has happened here beyond a case management conference and this motion, which defendants filed promptly after service of the complaint. Dell'Oro has not shown that defendants have acted inconsistently with their arbitration demand, or that Dell'Oro was prejudiced in any way by their conduct. Waiver cannot be found in these circumstances. *See Martin v. Yasuda*, 829 F.3d 1118, 1124-25 (9th Cir. 2016).

The "standing" argument is also unavailing. While it is true that the 650 Group was not a party to the Agreement or the arbitration agreement, its status as a non-signatory does not absolutely bar invocation of arbitration. California, whose law the parties agree applies here, expressly allows non-signatories to enforce an arbitration agreement on equitable estoppel grounds when the claims against the non-signatory "are dependent on or inextricably bound up with" the agreement featuring arbitration. *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) (quoting *Goldman v. KPMG LLP*, 92 Cal. Rptr. 3d 534, 537 (Cal. Ct. App. 2009)). That is eminently the case here, where the 650 Group is alleged to be the business Weckel set up to exploit the fruit of breaching the Agreement and poaching Dell'Oro's proprietary materials. The complaint portrays the 650 Group as nothing more then the vessel into which Weckel purportedly poured his ill-gotten gains. That is more than enough to allow it to assert the arbitration agreement.

Consequently, the case is sent to arbitration pursuant to the terms of the arbitration agreement. The Court's evidence preservation order, Dkt. No. 41, remains in effect pending further order. The case will be closed administratively but not dismissed. The parties are directed

to file joint status reports on the arbitration proceedings every 90 days from the date of this order.

**IT IS SO ORDERED.**

Dated: August 14, 2017

_____
JAMES DONATO
United States District Judge