UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL'ORO GROUP, INC., <br> Plaintiff, <br> v. <br> ALAN WECKEL, et al., <br> Defendants. | Case No. 3:17-cv-00750-JD <br><br> **ORDER RE MOTION TO CONFIRM ARBITRATION AWARD** <br><br> Re: Dkt. No. 57 |

Defendants Alan Weckel and 650 Group ("Weckel") filed a motion to confirm arbitration award and enter judgment against plaintiff Dell'Oro Group ("Dell'Oro"). Dkt. No. 57. At the August 22, 2019, hearing on the motion, the parties agreed that the final arbitration award should be confirmed and judgment entered. Dkt. No. 60. Consequently, Weckel's motion is granted.

## BACKGROUND

Dell'Oro filed this suit against its former employee, Weckel, in February 2017. In April 2017, Dell'Oro filed an amended complaint, adding Weckel's new company, 650 Group, as a defendant and alleging breach of contract, violation of the Computer Fraud and Abuse Act; unauthorized computer access and fraud; violation of the Defend Trade Secrets Act; and misappropriation of trade secrets claims. Dkt. No. 13. The parties are competitors in providing market research about the telecommunications and related industries. *Id.* ¶¶ 9, 35.

In May 2017, Weckel filed a motion to arbitrate and stay this action pending completion of the arbitration. Dkt. No. 31. Dell'Oro opposed the motion. Dkt. No. 42. The motion to arbitrate was granted after the Court found defendants had not waived their right to arbitration by engaging in litigation conduct and defendants had standing to invoke the agreement. Dkt. No. 53. After

five days of hearing, the arbitrator issued interim and final awards in favor of Weckel. Dkt. No. 57-1, Exs. 3, 4.

Weckel has filed a motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration award and enter judgment. Dkt. No. 57. He has clarified that he seeks no fees or costs other than those awarded by the arbitrator. Dkt. No. 59. The arbitrator's final award incorporates the provisions of the interim award, Dkt. No. 57-1, Ex. 3, and also requires Dell'Oro to pay $17,817.31. Dkt. No. 57-1, Ex. 4 at ECF p. 36.

## DISCUSSION

A court's review of an arbitration award under the FAA is "both limited and highly deferential." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A court must confirm an arbitrator's award unless one of the following four exceptions applies:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Neither party suggests that any of the above exceptions apply. Moreover, Dell'Oro does not oppose the Court's entry of an order confirming the final arbitration award and entry of judgment against it in conformity with that award. Dkt. Nos. 58, 60. In light of Dell'Oro's non-opposition to the motion, and because none of the exceptions to enforcing the arbitrator's award applies, the motion to confirm the final arbitration award is granted.

## CONCLUSION

Weckel's motion to confirm the final arbitration award against Dell'Oro, Dkt. No. 57-1, Ex. 4, is granted and judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 26, 2019

JAMES DONATO
United States District Judge